NOT FOR PUBLICATION OR CITATION

## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF KENTUCKY
### LONDON DIVISION

| | | |
|---|---|---|
| TYLER M. HORRELL, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 6: 06-227-DCR |
| | ) | |
| V. | ) | |
| | ) | **MEMORANDUM OPINION** |
| JEFF GRONDOLSKY, Warden, | ) | **AND ORDER** |
| | ) | |
| Respondent. | ) | |

**       **       **       **       **

Tyler M. Horrell, an individual currently confined in the Federal Correctional Institution in Manchester, Kentucky ("FCI-Manchester"), has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. §2241 [Record No. 1] and a "Motion to Amend §2241 Writ of Habeas Corpus." [Record No. 6] In addition, he has paid the $5.00 filing fee. This matter is before the Court for screening. 28 U.S.C. §2243; *Demjanjuk v. Petrovsky*, 612 F. Supp. 571 (N.D. Ohio 1985) (citing *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970), *cert. denied*, 400 U.S. 906 (1970); *accord Aubut v. State of Maine*, 431 F.2d 688, 689 (1st Cir. 1970)).

This is a *pro se* petition and, as such, it is held to less stringent standards than those drafted by attorneys. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The allegations in a *pro se* petition must be taken as true and construed in favor of the petitioner. *See Malone v. Colyer*, 710 F.2d 258, 260 (6th Cir. 1983). However, 28 U.S.C.

§1915(e)(2) affords a court the authority to dismiss a case at any time if the court determines the action: (i) is frivolous or malicious, or (ii) fails to state a claim upon which relief can be granted.

CLAIMS

The Petitioner alleges that his federal sentence violates the Due Process Clause of the Fifth Amendment of the United States Constitution. The named Respondent is Jeff Grondolsky, the Warden of FCI-Manchester.

PETITIONER'S CRIMINAL CONVICTION, APPEAL AND §2255 MOTION

The Petitioner states that he was convicted of drug offenses in the United States District Court for the Southern District of Ohio, Benton Division ("the trial court"), Case No. 99-CR-4006-1 (Hon. G. Patrick Murphy, presiding). He pled guilty to conspiracy to distribute and possess with intent to distribute crack cocaine, 21 U.S.C. §§841(a)(1), 846, and received a 293-month sentence. The Petitioner appealed his sentence, and the Seventh Circuit affirmed. *See United States v. Horrell*, 215 F.3d 1331, 2000 WL 701761 (7th Cir. (Ill.) May 26, 2000) (Unpublished Disposition).[1] The docket sheet from the trial court reflects that on May 11, 2001, the Petitioner filed a motion to vacate his sentence.[2] In his §2255 motion, the Petitioner alleged that his trial counsel had been ineffective for four reasons: (1) he allegedly failed to advise him

---

[1]    The Seventh Circuit expressed surprise that the Petitioner had appealed his sentence, considering that based upon additional relevant conduct evidence, his sentence could have been higher. The court noted as follows: "We further add that we find it surprising that Horrell has appealed his sentence. If Horrell's PSR had been amended to reflect the higher one to one-and-a half-ounces of crack estimate, his base offense level would have been 36 (28.35 grams per week x 20 weeks = 567 grams) under §2D1.1(c)(2). Add two levels for obstruction of justice, and at a criminal history category III, Horrell would have faced the stiffer guideline range of 292 to 365 months' imprisonment." *United States. v. Horrell*, 215 F.3d 1331, 2000 WL 701761, **3.

[2]    The trial court assigned a new case number to the Petitioner's §2255 motion, being *Horrell v. United States of America*, 4: 01-CV-04136 (Hon. G. Patrick Murphy, presiding).

of the probable sentence before he pled guilty; (2) he failed to argue that the substance involved in his case was not crack cocaine; (3) he failed to challenge the sufficiency of the indictment (specifically, that the indictment alleged no drug quantity); and (4) he failed to call a certain witness.

On November 19, 2003, the trial court entered a "Memorandum and Order" in which it rejected the Petitioner's arguments.  The trial court concluded that the Petitioner had procedurally defaulted his ineffective assistance of counsel claims by not raising them in his direct appeal.  Noting that the Petitioner's counsel in his direct appeal had been different than his trial counsel, and noting that the Petitioner's appellate claims were "based entirely on the record," the trial court reasoned that the Petitioner should have raised his ineffective assistance of counsel claims on direct appeal.  [*See* 4: 01-CV-04136, Record No. 8, p. 2]

In addition, the trial court determined that, regardless of the procedural default, all of the Petitioner's claims failed on the merits.  First, the trial court noted when the Petitioner pled guilty, it had advised him of the possible penalties, which included a life sentence.  The trial court dismissed as frivolous the Petitioner's claim that his trial counsel had failed to inform him of the potential *minimum* sentence, noting that the *maximum* sentence the Petitioner faced had been forty years.  The trial court noted that the *maximum* possible sentence exceeded the 293-month sentence which it had imposed.

Second, the trial court rejected the Petitioner's claim that the substance involved was not crack cocaine, noting that when the Petitioner was sentenced he stated, "I was involved with crack cocaine" and that he was "only good for 37 to 42 grams of crack cocaine."  [*Id.*]  The trial

court summarized the Petitioner's knowledge of the substance involved by stating that he had "pled guilty to serious criminal offenses involving what he knew to be crack cocaine."  [*Id.*]

Next, the trial court dismissed as non-meritorious the Petitioner's claim that his trial counsel had failed to challenge the indictment, noting that the Petitioner had requested a sentence based on 37-34 grams of cocaine.  The trial court observed that although the Petitioner's admission triggered the maximum sentence of 40 years, he had been sentenced to substantially less than 40 years.  [*Id.*, p. 3]

Finally, the trial court dismissed the Petitioner's contention that his trial counsel's failure to call his girlfriend to testify on his behalf was a fatal mistake.  The Court noted that the Petitioner's 71-year-old aunt testified and "cut the legs out from under Horrell."  [*Id.*]

On December 8, 2003, the Petitioner appealed the dismissal denial of his §2255 motion. [*Id.*, Record 10]  On December 23, 2003, the trial court entered Judgment dismissing the §2255 motion.  [*Id.*, Record No. 12]  On August 6, 2004, the trial court entered an Order denying a certificate of appealability.  [*Id.*, Record No. 13]  The Seventh Circuit construed the appeal as an application for a certificate of appealability. On November 24, 2004, that court entered an order denying the Petitioner's construed application, stating that it had reviewed the trial court's record and determined that the Petitioner had not demonstrated a "substantial showing of the denial of a constitutional right. *See* 28 U.S.C. §2253(c)(2)."  [*Id.*, Mandate from Seventh Circuit, Record No. 21]

## CURRENT §2241 PETITION

In both his original petition [Record No. 1] and in his motion to amend his petition [Record No. 6], the Petitioner continues to challenge his sentence in this Court.  First, he

complains that "the probation officer  took it upon himself to multiply 14.7 grams of crack per week by twenty weeks, that allegely {sic} corresponded with the time that the petitioner was to have been selling crack."  [*See* 06-CV-227, Record No. 1, pp. 1-2]

Second, he contends that the United States used a co-defendant whom the Petitioner alleges "gave inconsistent testimony until such time as was verbally threatened by the Court." [*Id*., p. 2]  In his motion to amend his petition, the Petitioner again refers to trial testimony from his co-defendant (Johnson) in his attempt to dispute the quantity of cocaine for which he was held responsible in the trial court.  [*See* Record No. 6, p. 2]

Third, the Petitioner now claims that his trial counsel was ineffective because he failed to inquire as to the Petitioner's mental health.  The trial court record reflects that the Petitioner did not raise this particular Sixth Amendment challenge when he filed his §2255 motion to vacate his sentence on May 11, 2001.

Fourth, the Petitioner generally challenges the veracity and credibility of the witnesses who testified against him at trial, both in his original petition and in his motion to amend.  He argues that the government had "been allowed to attribute crack cocaine from other's that has no bearing on the Petitioner . . . "  [Record No, 6, p. 3] The Petitioner again reiterates that the trial court went outside of the guideline range in imposing the 293-month sentence. [Record No. 1]

Fifth, the Petitioner challenges his sentence on the grounds that the indictment did not specify the quantity of crack cocaine involved in his transactions.  He relies on a Supreme Court case in support of his argument that the trial court, not a jury, determined drug quantity and rendered an increased sentence in violation of the Fifth Amendment:  *United States v. Booker*,

543 U.S.220, 125 S. Ct. 738, 749 (2005).[3]  The Petitioner contends that, under *Booker*, his sentence was unconstitutionally increased.  The Petitioner also cites another case, from the United States District Court for the District of Montana, being *United States of America v. Alfred Arnold Ameline*, 4:02-CR-00011-SEH-1.[4]

---

[3]      In *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S. Ct. 2348 (2000), the Supreme Court held that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt."  *Id.*, 530 U.S. at 490.

In *Blakely v. Washington*, 524 U.S. 296, 124 S. Ct. 2531 (2004), the Supreme Court held that a Washington state court sentencing schedule which permitted the sentencing judge to enhance a defendant's sentence beyond the statutory minimum was unconstitutional.  The Court found that "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."  *Blakely*, 124 S. Ct. at 2536.  According to *Blakely*, the "statutory maximum" for *Apprendi* purposes is "the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." *Blakely*, 124 S. Ct. at 2537.

[4]      Ameline filed a direct appeal of his sentence which the District Court in Montana had imposed.  While Ameline's direct appeal was pending, the Supreme Court decided *Blakely* in 2004 and *Booker* in January of 2005.  One month after *Booker* was decided, on February 9, 2005, the Ninth Circuit reversed and remanded Ameline's sentence.  *See United States v. Ameline*, 400 F.3d 646, 649-50 (9th Cir. 2005).

The Ninth Circuit held in *Ameline* that:  (1) the court could *sua sponte* review defendant's Sixth Amendment challenge to his sentence; (2) imposition of a sentence based on judge's finding of material sentencing facts violated defendant's Sixth Amendment right to jury trial; (3) Sixth Amendment error was plain error requiring remand; and (4) the district court could not treat factual statements in presentence report (PSR) as presumptively accurate.  *Id*. at 646.

Four months later, on rehearing *en banc*, the Ninth Circuit held that when faced with an unpreserved *Booker* error that may have affected a defendant's substantial rights, and when the record is insufficiently clear to conduct a complete plain error analysis, a limited remand to the district court is appropriate for the purpose of ascertaining whether the sentence imposed would have been materially different had the district court known that the sentencing guidelines were advisory. *United States v. Ameline*, 409 F.3d 1073, 1074 (9th Cir. 2005).

For the following reasons, the petition fails to state a claim upon which relief can be granted and must be dismissed.

DISCUSSION

1.  §2255 Remedy Not Inadequate

The law of the Sixth Circuit as discussed in *Charles v. Chandler*, 180 F.3d 753, 757-58 (6th Cir. 1999), is well-established:  the remedy available to a petitioner under §2255 is not rendered ineffective or inadequate simply because the trial court previously denied him relief. The remedy afforded under §2241 is not an additional, alternative, or supplemental remedy to that prescribed under §2255.  *Id.* at 758.  A petitioner challenging his conviction or sentence under §2241 must first demonstrate that his remedy under §2255 is truly inadequate or ineffective; neither an earlier unsuccessful §2255 motion nor a time bar will meet this standard. *Charles*, 180 F.3d at 757.  The burden is on the petitioner to demonstrate inadequacy or ineffectiveness as a threshold matter.  *Id.* at 756.

Relief under §2241 is not appropriate where, as here, the Petitioner previously challenged his sentence on direct appeal (and lost); filed an unsuccessful §2255 motion; and unsuccessfully attempted appeal of the denial of the §2255 motion.  *Charles v. Chandler*, 180 F.3d at 757-58. In this §2241 petition, the Petitioner is again raising the same claims and arguments challenging his sentence –  such as the assertion that no drug quantity was specified in the indictment – which the trial court rejected in November, 2003, when it denied his §2555 motion.

Moreover, when the Petitioner filed his §2255 motion, he did not raise the issue relating to his trial counsel's alleged failure to inquire into his mental health.  He could have raised that claim at that time, but the trial court record indicates that he did not.  Even if he had, the trial

-7-

court accurately noted that the Petitioner *pled guilty* to the crack cocaine offenses after being duly and sufficiently advised of the substantial sentence facing him. Under *Charles*, the remedy under §2255 is not inadequate or ineffective simply because a petitioner has been denied relief under §2255 or permission to file a second or successive §2255 motion. *Charles*, 180 F.3d at 756-58. The remedy afforded under §2241 is not an additional, alternative, or supplemental remedy to that prescribed under §2255. *Id*. at 758.

## 2. No "Actual Innocence" Claim Asserted

The second component which must be demonstrated under §2241 is that the petitioner present a claim of "actual innocence." However, in this case, the Petitioner does not assert a claim of actual innocence. He challenges only his sentence, not his conduct involved in the underlying crimes to which he pled guilty. The Petitioner verifies this fact in his "Motion to Amend §2241 Petition." He states that:

> Petitioner is not citing that he is actually innocent of the drug distribution, only the amount that has been attributed to him and the fact that he never entered into a conspiracy with the individuals whom {sic} gave proffers to the government.

[Record No. 6, pp. 2-3]

In *Bousley v. United States*, 523 U.S. 614, 623, 118 S. Ct. 1604 (1998), the Supreme Court explained that "To establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Id.* at 623. The Court further stated: "It is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency. . . ." *Id.* at 623-24.

A federal court in a post-conviction proceeding may rely on the factual conclusions given on direct appeal. *Myers v. United States*, 198 F.3d 615, 619 (6th Cir.1999). Based on the Sixth

Circuit's conclusions set forth in the March, 2000 Opinion affirming the Petitioner's sentence, the Court is convinced that the Petitioner's sentence did not violate the Fifth Amendment.

Case law distinguishes claims falling under the label of "legal innocence" from claims of "actual innocence" of the underlying offense charged in the indictment.  *See Hernandez-Escarsega v. Morris*, 2002 WL 845060 (10th Cir. May 3, 2002) (Table, unpublished) (the court distinguishing claims of legal innocence from claims of actual, or factual innocence); *Reyes-Requena v. United States*, 243 F.3d 893, 903-04 (5th Cir. 2001) ("[T]he core idea is that the petitioner may have been imprisoned for conduct that was not prohibited by law"); *Whitener v. Snyder*, 23 Fed. Appx. 257, 2001 WL 1178302 (6th Cir. 2001) (same).

A challenge to a *sentence*, such as Petitioner Horrell asserts in the instant petition, carries little weight when asserting a claim of actual innocence.  In *Truss v. Davis*, 115 Fed. Appx. 772 (6th Cir. (Tenn.) September 16, 2004) (Not selected for publication in the Federal Reporter), a prisoner challenged his sentence under §2241.  The Sixth Circuit analyzed the claim and stated as follows:

> Additionally, it is unclear whether and to what extent someone like Truss can show actual innocence in relation to his claims that challenge the imposition of his sentence.  The Eleventh Circuit stated in *Wofford v. Scott*, 177 F.3d 1236 (11th Cir.1999), that:
>
> > The Seventh Circuit in *Davenport* [5] suggested in dicta that the savings clause might apply to some claims involving a 'fundamental defect' in sentencing where the petitioner had not had an opportunity to obtain judicial correction of that defect earlier.  See 147 F.3d at 611.  We need not decide whether the savings clause extends to sentencing claims in those circumstances, or what a "fundamental defect" in a sentence might be.  *It is enough to hold, as we do, that the only sentencing claims that may conceivably be covered by the savings clause are those*

---

[5]     *See In re Davenport*, 147 F.3d 605, 609-611 (7th Cir.1998).

> *based upon a retroactively applicable Supreme Court decision*
> *overturning circuit precedent.*

*Truss v. Davis*, 115 Fed. Appx. at 774 {Emphasis Added}.

 *See also Raymer v. Barron*, 82 Fed. Appx. 431, 432 (6th Cir. (Ky.) November 3, 2003) (Not selected for publication in the Federal Reporter) ("In this case, Raymer has presented only a challenge to his sentencing under the ACCA, not a claim that he is actually innocent of possession of a firearm by a felon. Therefore, the district court properly concluded that the claim presented could not be addressed under §2241.") Based upon this law, Petitioner Horrell's challenge to his sentence does not assert a valid claim of "actual innocence" under §2241.

### 3. *Booker* Does Not Apply

 The Petitioner's reliance on *Booker* in arguing that his sentence should be set aside is equally misplaced. In conformity with other courts addressing the same issue, the Sixth Circuit has now held that *Booker* does not apply retroactively to cases on collateral review. *See Humphress v. United States,* 398 F.3d 855 (6th Cir. 2005); *United States v. Saikaly,* 424 F.3d 514, 517 (6th Cir. 2005) (Supreme Court's *Booker* decision established a new rule of criminal procedure and thus did not apply retroactively to cases already final on direct review, namely, those cases in which a decision had been rendered on direct appeal and the 90-day period for seeking a writ of certiorari had expired, at the time *Booker* was rendered); *Swain v. United States*, 2005 WL 3065969, *5 (6th Cir.(Mich.) November 15, 2005) (Not selected for publication in the Federal Reporter) ("Yet neither *Blakely* nor its federal counterpart, *United States v. Booker*, 543 U.S. 220 (2005), may be invoked on collateral review.")

This Court is bound by – and in full agreement with – the *Humphress* decision.  *Booker* cannot be applied retroactively on collateral review and provide the Petitioner with grounds for relief from his sentence.

Petitioner Horrell is correct that on direct appeal of Ameline's sentence, the Ninth Circuit held that it had authority to consider his Sixth Amendment challenge to his sentence under the authority of *Blakely* and *Booker*.  *United States v. Ameline*, 400 F.3d at 651-52.  The Ninth Circuit reached that conclusion, despite the fact that Ameline had neither raised the challenge in district court nor in his initial brief on appeal.  It considered the *Blakely* decision as creating a "sea change" in the law while Ameline's direct appeal had been pending, which had undermined constitutional validity of Ameline's sentence.  *Id.* at 651.

The Petitioner's reliance on the Ninth Circuit's disposition of Ameline's direct appeal is misplaced.  Unlike Petitioner Horrell, who relies on *Booker* in the context of a *collateral challenge* to his sentence under §2241, *Ameline* involved consideration of the impact of *Booker* and *Blakely* in the context of a *direct appeal*.  *Ameline*, 400 F.3d at 649-50.  Unfortunately for Horrell, the law in this circuit is clear: neither the "sea change" effect of *Blakley*, nor the subsequent *Booker* decision, can be applied retroactively on collateral review.  Therefore, the Petitioner's claims will be dismissed with prejudice. 28 U.S.C. §1915(e)(2)(ii).  The Petitioner's "Motion for Bail" pending disposition of his §2241 claim [Record No. 5] and his "Motion to Amend" [Record No. 6] will be denied.

<u>CONCLUSION</u>

Accordingly, it is **ORDERED** as follows:

(1)      The §2241 petition for habeas corpus relief is **DENIED.**

(2)     The Petitioner's "Motion for Bail" pending disposition of his §2241 claim [Record No. 5] is **DENIED**.

(3)     The Petitioner's "Motion to Amend §2241 Petition" [Record No. 6] is **DENIED**.

(4)     This action is **DISMISSED** with prejudice from the docket of the Court. Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the named Respondent.

This 17th day of July, 2006.

Signed By:

_Danny C. Reeves_  DCR

United States District Judge