UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION

| | | |
|---|---|---|
| TYLER M. HORRELL, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 6: 06-227-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| JEFF GRONDOLSKY, Warden, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |

\*\* \*\* \*\* \*\* \*\*

Petitioner/Appellant Tyler M. Horrell, who is confined in the Federal Correctional Institution in Manchester, Kentucky ("FCI-Manchester"), has filed a Notice of Appeal [Record No. 9] in the instant *pro se* action brought pursuant to 28 U.S.C. §2241.[1] However, the Appellant has not paid the $455.00 appellate filing fee. He is advised that the Court is unable to grant his request for pauper status on appeal.

The Sixth Circuit has concluded that, since 28 U.S.C. §1915 was amended by the Prison Litigation Reform Act of 1996 ("PLRA"), the amended filing fee payment provisions do not apply to §2254 habeas cases and §2255 motions. However, the Sixth Circuit has not resolved in a published opinion whether the amended requirements apply to §2241 habeas cases filed in the district or appellate courts. *See Kincade v. Sparkman*, 117 F.3d 949, 951-52 (6th Cir. 1997); *see also Graham v. United States Parole Comm'n*, 1997 WL 778515 (6th Cir. Dec. 8, 1997)

---

[1] On July 17, 2006, the Court entered a Memorandum Opinion and Order and Judgment dismissing the Appellant's §2241 petition. [*See* Record Nos. 7 and 8]

-1-

(unpublished opinion adopting *Kincade* approach in a §2241 decision from the United States District Court for the Western District of Tennessee). Consistent with these opinions and their rationale, this Court concludes that the PLRA's changes regarding filing fee payments in §1915(b)(1) do not apply to §2241 petitions.

Title 28 of the United States Code, §1915(a)(3), specifically provides that "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." This provision of §1915 was not changed by the PLRA. The record reveals that on July 17, 2006, this Court certified that any appeal would not be taken in good faith, [*See* Judgment, Record No. 9, ¶4] As the Court has certified that an appeal in the instant proceeding would not be taken in good faith, the Appellant may not proceed on appeal *in forma pauperis* pursuant to §1915(a)(3). It would be inconsistent for a district court to determine that a petition is too frivolous to be served, yet has sufficient merit to support an appeal *in forma pauperis*. *See Frazier v. Hesson*, 40 F. Supp. 2d 957, 967 (W.D. Tenn. 1999) (citing *Williams v. Kullman*, 722 F.2d 1048, 1050 n. 1 (2nd Cir. 1983)).

**Under the Federal Rules of Appellate Procedure, an appellant who receives a certification that his appeal is not taken in good faith or is otherwise denied permission to proceed on appeal *in forma pauperis* by the district court may file a motion to proceed on appeal *in forma pauperis* with the court of appeals. Fed. R. App. P. 24(a)(5). This must be done within thirty (30) days and with supporting documentation, including an affidavit of assets and six-month certificate of inmate account.**

Accordingly, the Court being sufficiently advised, it is **ORDERED** as follows:

(1) The Appellant will not be allowed to proceed *in forma pauperis* on appeal in this proceeding. 28 U.S.C. §1915(a)(3).

(2) The Appellant is granted thirty (30) days from the entry of this Order in which either to pay the $455.00 appellate filing fee to the Clerk of this Court or to move the Sixth Circuit for permission to proceed *in forma pauperis*, as described in Federal Rule of Appellate Procedure 24(a)(1).

(3) The Appellant is hereby on notice that if he does not pay the entire $455.00 filing fee or submit a motion to proceed on appeal *in forma pauperis* in the Sixth Circuit, as provided in Federal Rule of Appellate Procedure 24, within the thirty (30)-day period, the appellate court will dismiss the appeal for failure to prosecute. *McGore v. Wrigglesworth*, 114 F.3d 601- 609-10 (6th Cir. 1997).

(4) The Clerk of this Court is directed to forward a copy of this Order to the Clerk of the Court of Appeals for the Sixth Circuit.

This 7th day of August, 2006.

Signed By:
*Danny C. Reeves* DCR
United States District Judge